# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREW D. HART, SR.,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-930-Orl-19GJK**

**THE DEPARTMENT OF REVENUE**
_____

## REPORT AND RECOMMENDATION

## TO THE DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT THE PREPAYMENT OF FEES AND AFFIDAVIT** (Doc. No. 2) |
| **FILED:** | June 10, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Plaintiff's Complaint be **DISMISSED** without prejudice.

On June 10, 2008, *pro se* Plaintiff Andrew D. Hart, Sr. ("Hart") instituted this action by filing a two (2) page handwritten complaint (the "Complaint"). Doc. No. 1. Presently before the Court is Hart's Application to Proceed Without Prepayment of Fees and Affidavit. Doc. No. 2.

## I.   THE LAW

### A.   The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge,

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

2

the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8 (2008). The Eleventh Circuit Court of Appeals recently held that:

> A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001). Pleadings of this nature are prohibited by Rule 8(a)(2). . . .

*Lampkin-Asam v. Volusia Co. School Bd.*, 261 Fed. Appx. 274, 2008 WL 80708 (11th Cir. Jan. 9, 2008). Rule 8 requires that a pleading be simple, concise and direct. *Id*.

### II. APPLICATION

The first sentences of Hart's Complaint are as follows:

> The Department took all rights from me. [M]y right to counsel. The Civil Contempt proceeding against me was transformed into a criminal contempt proceeding when the judge, without regard to my ability to purge myself of contempt of payment tha [sic] is imposed on me. He imprisonment me on the ground that I wrongfully used my resources for purposes other than making the court ordered support payments in such proceedings, appointment of counsel and other due process protections

> applied. . . .

Doc. No. 1 at 2.  The Complaint concludes by stating:

> The court's lied to me saying that [t]he mediated agreement that me and my wife enter into was not ap[p]roved by the court when it had and the Department and my wife went to court without me on my behalf the Department has taking 5 of my children without [unintelligible] no notice; opportunity to be heard; joinder . . . the Department knows that I did not have the ability to work they know that my health is bad.  The Department will not tell me as to where my children are staying I have no phon[e] number to them I have not seen my children 20 times after 06.  I know nothing about them at all now.  Thes[e] people are tr[y]ing to make me do some things that want to do . . . they have robbed me of all money and all that I had I now have nothing at all to help or no body at all I need help.

*Id*. at 3.  The Complaint fails to comply with the rudimentary requirements set forth in Rule 8, Federal Rules of Civil Procedure.  While the complaint appears to allege that Plaintiff was unlawfully imprisoned by a state trial court judge, the Application to Proceed Without Prepayment of Fees clearly states that Plaintiff is not currently incarcerated. Doc. Nos. 1-2.  Therefore, the action does not appear to be a writ of habeas corpus. Plaintiff fails to establish this Court's jurisdiction to entertain the Complaint, or state any legally recognizable grounds for relief.  "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings."  *Lampkin-Asam*, 261 Fed. Appx. 274, 2008 WL 80708 (*citing Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976) and *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**THEREON it is RECOMMENDED** that:

1) Hart's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2) be denied; and

    2) The Court order Hart to file an Amended Complaint within twenty (20) days or the case should be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    **RECOMMENDED** at Orlando, Florida on August 26, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett

Unrepresented Party